**Nick PANKOV, Plaintiff–Appellant,**

v.

**PRECISION INTERCONNECT, A DIVISION OF THE LUDLOW COMPANY, LP, a Delaware Limited Partnership, Defendant–Appellee.**

No. 02–35108.

D.C. No. CV–00–00792–JO.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Nick Pankov appeals pro se the jury verdict for defendant on his national origin and age discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"), and the district court's ruling for defendant on his discrimination claims under Oregon state law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a jury's verdict for substantial evidence, *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir.1999), and review a district court's findings of fact for clear error, and conclusions of law de novo, *Kimbro v. Atlantic Richfield Co.,* 889 F.2d 869, 873 (9th Cir. 1989).[1] We affirm.

■ Substantial evidence supports the jury's determinations that national origin and age were not motivating factors in defendant's decision not to promote Pankov. Evidence presented at trial showed that Pankov was not qualified for the Operator IV position because he was not proficient in "BPCS" and did not have five years of experience with the defendant.

■ Substantial evidence also supports the jury's findings that national origin and age were not motivating factors in defendant's decision not to award discretionary bonuses to Pankov. Evidence presented at trial showed that the improvements Pankov proposed or made were not significant enough to warrant a bonus.

■ Substantial evidence supports the jury's determination that Pankov was terminated not because of his national origin or age, or in retaliation for his complaints about alleged discriminatory treatment, but because he violated a company policy prohibiting intimidating and disruptive behavior in the workplace. The evidence showed that Pankov beame increasingly aggressive, received two warnings to avoid confrontations with co-workers, and then "completely lost control" at a meeting on November 12, 1999.

The district court did not err by ruling for defendant on Pankov's state law claims for national origin and age discrimination because the evidence showed that defendant had nondiscriminatory reasons for denying Pankov a promotion and bonuses, and for terminating his employment.

We deny all pending requests for costs and fees, without prejudice to the filing of such motions in accordance with Fed. R.App. P. 38 and Ninth Circuit Rule 39–1.6.

**AFFIRMED.**

1. Because appellant did not provide a trial transcript as required by Fed. R.App. P. 10(b)(2), we rely on excerpts of the trial tran-

script produced by appellee in addressing the merits of the appeal.

* Jo Anne Barnhart is substituted for her predecessors Kenneth G. Apfel and Larry G. Massanari as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.